UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     Order GRANTING Defendants' Motion for Summary Judgment as to the ADA Claim and DECLINING to Exercise Supplemental Jurisdiction over the State Law Claims

     Before the Court is Defendants Insomniac Holdings, LLC and Speedway Motorsports, Inc.'s motion for summary judgment. Dkt. # 48. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the arguments in the papers, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff Jonathan Corbett's claim under the Americans with Disabilities Act ("ADA"). The Court DENIES Plaintiff's Rule 56(d) request for additional discovery, and DECLINES to exercise supplemental jurisdiction over the remaining state law claims. Because this Order closes the case, the Court need not reach Plaintiff's pending motion to amend the Complaint, Dkt. # 53, which is hereby rendered moot.

I.      Background

     Attracting more than 100,000 attendees annually, the Electric Daisy Carnival ("EDC") is produced by Defendant Insomniac Holdings, LLC and takes place in Las Vegas, Nevada at the Las Vegas Motor Speedway, a venue owned by Defendant Speedway Motorsports, Inc. *Complaint* ("*Compl.*") ¶¶ 3, 13–16. In May 2016, Plaintiff Jonathan Corbett visited the EDC website, and reviewed Defendant Insomniac's "medication policy" (or "Policy") for the July 2016 EDC. *Id.* ¶ 18–20. The Policy regulated how attendees accessed prescription and over-the-counter ("OTC") medications at the July 2016 festival. *See Steiner Decl.*, ¶ 5. Defendants allege that the Policy is necessary to curb the use of illegal drugs, such as MDMA (ecstasy) and LSD (acid), that attendees hide among other innocuous medications. *Id.* In response, Plaintiff asserts that the Policy violates federal and state anti-discrimination laws protecting people with disabilities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

     The Policy adopts different regulations for different types of medications. Attendees may carry prescription medications into EDC so long as they present the medication to medical personnel at an EDC entrance. *Id.* If the prescription matches the description on its bottle and is not a "controlled substance," such as a narcotic pain medication or an anxiety medication, the attendee maintains unfettered access to the prescription at EDC. *Id.* ¶ 6. If the prescription medication is a "controlled substance," attendees may keep ten pills in their possession but must check the remaining pills at a centralized medical tent. *Id.* The remaining pills may be distributed during the festival under the supervision of medical professionals. *Id.* Although the Policy does not allow attendees to bring OTC medications into EDC, Defendants make OTC medications available for free at medical tents or for purchase at general stores. *Id.* ¶ 8.

     Although Plaintiff has attended EDC in the past, he did not attend the July 2016 EDC because he allegedly feared that he would not have access to his prescriptions and did not want to risk explaining his prescriptions to EDC staff. *Compl.* ¶¶ 22–23. Plaintiff filed this lawsuit on May 24, 2016, alleging three causes of action for violations of (1) Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, (2) the California Unruh Civil Rights Act, Cal. Civ. Code § 51, and (3) the Nevada Nondiscrimination Law, Nev. Rev. Stat. § 651.070.

     Defendants now move for summary judgment on grounds of standing, mootness, ripeness, and failure to state a claim. *See generally Motion for Summary Judgment*. Defendant Speedway also asserts lack of personal jurisdiction as a defense against all claims. *See Mot.* 5–8; *see also* Dkt. # 35 (Speedway's Answer). To date, Plaintiff has not disclosed to Defendants or the Court what prescriptions he sought to bring into EDC or the nature of his alleged disability. *See Mot.* 4:10–11. There is also no evidence that Plaintiff requested accommodations from Defendants for his medications. *See Opposition to Motion for Summary Judgment* ("*Opp.*") 16. Defendants assert that they have not developed a medication policy for the 2017 EDC, *see Defendants' Undisputed Material Facts* 7, but Plaintiff counters that the July 2016 Policy is substantially similar to other Insomniac policies and that the Policy would remain the same for future festivals, *see Corbett Decl.*, Ex. G. Plaintiff also argues that he has not obtained enough discovery to raise a genuine dispute of material fact as to this claim. *See Opp.* 7–10.

II.    <u>Legal Standard</u>

     A motion for summary judgment must be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A disputed fact is material if it might affect the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323. If the nonmoving party will have the burden of proof at trial, the movant can prevail by pointing out that there is an absence of evidence to support the nonmoving party's case. *See id.* If the moving party meets its initial burden, the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence. Rather, it draws all inferences in the light most favorable to the nonmoving party. *See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The evidence presented by the parties must be admissible. Fed. R. Civ. P. 56(c)(2). Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *See Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

III.   Discussion

Defendants move for summary judgment on the ADA claim on the basis that Plaintiff lacks standing because he did not attend the July 2016 EDC, and has not come forth with evidence of his disability or a request for reasonable accommodations. Plaintiff counters that he was deterred from attending because of the Policy, and in the alternative, Plaintiff asks the Court to grant the parties additional time to conduct discovery under Federal Rule of Civil Procedure 56(d). Because Plaintiff has not suffered an "injury" as required by Article III of the U.S. Constitution, the Court GRANTS Defendants' motion for summary judgment as to the federal ADA claim and DECLINES to exercise supplemental jurisdiction over the California and Nevada state law claims. Since additional discovery is unlikely to be productive, given the strength of Defendants' standing arguments, the Court also DENIES Plaintiff's Rule 56(d) request. The Court first turns to the ADA claim, then supplemental jurisdiction and Rule 56(d).

   A.   The Americans with Disabilities Act

Federal courts are courts of limited jurisdiction. "[A]s with other civil rights statutes, to invoke the jurisdiction over the federal courts, a disabled individual claiming discrimination

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

[under the ADA] must satisfy the case or controversy requirement[s] of Article III by demonstrating his standing to sue at each stage of the litigation." *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011) (citing U.S. Const. art. III, § 2; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "[T]o satisfy Article III's standing requirements, a plaintiff must show (1) [he] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."[1] *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). **The party invoking federal jurisdiction bears the burden of establishing that each element of standing is met.** *Lujan*, 504 U.S. at 561.

**Because the only remedy available for a violation of the ADA under a private right of action is injunctive relief,** *see* **42 U.S.C. § 12188(a), (b)(2)(B),** *Munson v. Del Taco, Inc.*, **46 Cal. 4th 661, 670 (2009), the ADA plaintiff must satisfy a further requirement to establish standing. The plaintiff must show a significant possibility of future harm; it is insufficient to demonstrate only past injury.** *See San Diego County Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir.1996).

**The Ninth Circuit has adopted a two-prong test to determine whether a plaintiff has standing to sue under the ADA. Specifically, "[a]n ADA plaintiff can establish standing to sue for injunctive relief *either* by demonstrating deterrence, *or* by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility."** *Chapman*, **631 F.3d at 944. The first prong of the test—demonstrating deterrence—is known as the "deterrent**

---

[1] Because state courts are not bound by the limitations of a case or controversy or other federal rules of justiciability, *see ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989), the Court is not convinced that it would be appropriate to impose Article III's standing requirements on the California and Nevada state law claims, particularly when recent cases suggest that California and Nevada may interpret standing differently than federal courts. *See, e.g.*, *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d 939, 951 (S.D. Cal. 2007) ("[Even if a plaintiff has "standing to seek injunctive relief under California law, this Court's power to act is limited by Article III's standing requirements." (citing *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 999–1002 (9th Cir. 2007)); *Allison v. Spring Mountain Las Vegas, LLC*, CV15-2337 JCM (PALx), 2016 WL 4474126, at *3 (D. Nev. Aug. 23, 2016) (dismissing federal claim for lack of standing and declining to exercise supplemental jurisdiction over Nevada state law claim). The Court therefore only decides standing under federal law for the ADA claim and adjudicates the remaining state law claims separately.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

effect prong." *See Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1209–19 (C.D. Cal. 2016) (citing *Chapman*, 631 F.3d at 949–50). Because it is undisputed that Plaintiff did not attend the EDC in July 2016, Plaintiff must establish that he has standing under the "deterrent effect prong," if he has standing at all.

Under *Chapman*, plaintiffs under the deterrent effect prong must show that they "encountered barriers related to [their] disability" at a place of accommodation and that they were deterred from returning to the facility because of the barriers. *See Brooke v. Peterson*, 185 F. Supp. 3d 1203, 1209–19 (C.D. Cal. 2016) (citing *Chapman*, 631 F.3d at 949–50). In their motion for summary judgment, Defendants point to an absence of evidence that Plaintiff encountered barriers at EDC. Specifically, Defendants fault Plaintiff for failing to come forward with evidence of disability, or evidence of intent to attend the July 2016 EDC, such as an admissions ticket to the event. Defendants assert that Plaintiff never "encountered barriers" at the EDC because, although he attended past EDCs and visited Defendants' website, he did not attend the July 2016 EDC where the Policy was in effect and did not request accommodations for his disability.[2]

The Court finds that Plaintiff Corbett's review of the EDC website and his past attendance at EDC events does not confer standing upon him now. *See Resnick v. Magical Cruise Co., Ltd.*, 148 F. Supp. 2d 1298, 1301–02 (M.D. Fla. 2001). In *Resnick v. Magical Cruise Co.*, a case from the Middle District of Florida, the district court similarly found that a plaintiff who had reviewed a website but had not purchased a ticket for the cruise did not have a "concrete and particularized" injury as required by Article III. *See id.* at 1301–02 ("A review of this website does not provide [p]laintiffs with knowledge of current or imminent discrimination."); *see also Deck v. Am. Hawaii Cruises, Inc.*, 121 F. Supp. 2d 1291 (D. Haw. 2000) (finding plaintiff's stated plans to "look into" take a cruise in the future merely constituted "speculative and conditional intention," which was "insufficient to sustain standing"). Because Corbett did not attend the July 2016 EDC and was not denied accommodations, having never requested them, his alleged injury is not sufficiently concrete to confer standing.

---

[2] Plaintiff asks the Court to consider a "Proposed Amended Complaint" as evidence that Plaintiff requested accommodations from Defendants by sending an email to an "ADA access e-mail address." *See Opp.* 16. Even if the Court permitted Plaintiff to amend the Complaint to include these allegations, Plaintiff would not have raised a genuine dispute of fact because the "mere pleadings themselves" are not competent evidence in a motion for summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

Similarly, in *Brooke v. Peterson*, the court confirmed that a plaintiff "must have previously visited a noncompliant place of accommodation to have an injury-in-fact under Article III." *See* 185 F. Supp. 3d 1203, 1210 (C.D. Cal. 2016). In lieu of visiting non-compliant hotels, the plaintiff in *Brooke* called hotels to inquire about pool lifts, and then sued if the hotel did not have a lift. *Id.* Although Plaintiff Corbett's ADA claim is stronger than Brooke's because Corbett attended past EDCs and declares that Defendants' policies at those EDCs was substantially similar to the Policy at the July 2016 EDC, Corbett's ADA claim similarly fails because he cannot show a significant possibility of future harm. Because there is no evidence that Plaintiff requested an accommodation, Plaintiff cannot establish that Defendants denied him access to the facility or that Defendants would deny him access in the future. Moreover, Plaintiff's failure to attend the 2016 EDC and his lack of concrete plans to attend future EDCs suggests that the harm is neither actual nor imminent. *See Reply* 4:13–25; *see also Moreno v. G&M Oil Co.*, 88 F. Supp. 2d 1116, 1116 (C.D. Cal. 2000) (concluding that standing was "site specific" and did not extend to locations where plaintiff did not personally suffer discrimination).

However, even assuming arguendo that Plaintiff has Article III standing to bring this litigation, Plaintiff's claim would not survive summary judgment. To prevail on a claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). The ADA plaintiff must make a request for accommodations before filing suit, and if denied, must show that the request was reasonable and necessary. *See Mannick v. Kaiser Found. Health Plan*, C 03-5905 PJH, 2006 WL 2168877, at *2 (N.D. Cal. July 31, 2006). In their motion, Defendants point to an absence of evidence related to Plaintiff's disability or a request for accommodations, and Plaintiff has not met his burden of pointing to evidence that would raise a genuine dispute of fact as to these points. Indeed, at this point in the litigation, the Court is still unaware of the basic facts about Plaintiff's disability or his medications. Because Defendants have pointed to an absence of evidence, Plaintiff has not come forward with evidence, and Plaintiff would have the burden of proof at trial, summary judgment would be warranted even if Plaintiff had standing to sue. *See Celotex*, 477 U.S. at 323 (granting summary judgment where defendant points to absence of material dispute of fact in the record); *see also Chapman*, 631 F.3d at 944 (requiring plaintiff to adduce evidence of disability and link the alleged barrier to the disability to confer standing); *Colorado Cross Disability Coalition v. Hermanson Family Ltd. P'ship I*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

**264 F.3d 999, 1004 (10th Cir. 2001) (holding that "plaintiff bears the burden of proving that a modification was requested and that the requested modification was reasonable").**

Accordingly, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's ADA claim.

  B. <u>State Law Claims and Supplemental Jurisdiction</u>

Under 28 U.S.C. § 1367(c), federal courts may exercise their discretion to decline supplemental jurisdiction over related state-law claims if "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Courts have counseled against retaining pendent jurisdiction over state law claims, particularly when the federal claim is an ADA cause of action. *See Gunther v. Lin*, 144 Cal. App. 4th 223, 256 (2006) ("State law claims have become the tails that wag the dog of federal ADA litigation."). Predominance is a concern in ADA litigation, given that disability discrimination cases often center on damages that are only recoverable under state law claims. *See Molski v. EOS Estate Winery*, No. CV 03-5880 GAF, 2005 WL 3952249, at *4 (C.D. Cal. July 14, 2005); *Pinnock v. Safino Designs, Inc.*, No. CV 06-1707 L (WMx), 2007 WL 2462107, at *4 (C.D. Cal. Aug. 28, 2007) ("Given the disparity in terms of comprehensiveness of the remedy sought, state law claims substantially predominate over the ADA for purpose of 28 U.S.C. § 1367(c)(2)."). This is partially why, in the "usual case" in which all federal claims are eliminated before trial, the U.S. Supreme Court has concluded that all the discretionary factors "point toward declining to exercise jurisdiction over the remaining state-law claims." *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Acri v. Varian Assoc's, Inc.*, 115 F.3d 999, 1001 (9th Cir. 1996).

Because the Court here has dismissed the federal claim over which it had original jurisdiction and Plaintiff has presented the Court with no reason to retain jurisdiction over the state law claims, the Court dismisses Plaintiff's state law claims without prejudice to their filing in state court.

  C. <u>Rule 56(d)</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |

**Finally, Plaintiff requests additional time for discovery under Federal Rule of Civil Procedure 56(d).** Rule 56(d) grants the Court discretion to defer consideration or deny a motion if the nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition. *See* Fed. R. Civ. P. 56(d). A party requesting a continuance or denial under Rule 56(d) must demonstrate: "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose the judgment." *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008) (citing *California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1988)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). The moving party must also show that it was diligent in pursuing its previous discovery opportunities. *See Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994).

**Plaintiff requests Rule 56(d) relief because Defendants have refused to respond to any of Plaintiff's requests for admission, document requests, interrogatories, or requests to depose Defendant Insomniac's CEO, and Health and Safety Director.** *See Corbett Decl.*, ¶ 5. Plaintiff has not shown, however, that the "sought-after facts" in the discovery would prevent summary judgment here. The evidence of Plaintiff's attendance, or lack thereof, at past EDCs, his request for accommodation, and his disability is evidence squarely within Plaintiff's possession. Any discovery obtained from Defendants would not affect the material facts before the Court. The Court thus DENIES Plaintiff's request for Rule 56(d) relief.

**IV.** <u>Conclusion</u>

**For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment as to Plaintiff's ADA claim and DENIES Plaintiff's request for Rule 56(d) relief.** Having dismissed the only claim over which it had original jurisdiction, the Court DECLINES to exercise supplemental jurisdiction over the California Unruh Act and the Nevada Nondiscrimination Law claims. The state law claims are dismissed without prejudice to their filing in state court. Moreover, because this Order closes the case, the Court need not reach Plaintiff's pending motion to amend the Complaint, which is hereby rendered moot.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3604 PSG (JEMx) | Date | January 19, 2017 |
|---|---|---|---|
| Title | Corbett v. Insomniac Holdings LLC *et al.* | | |